IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEROME F. COLEMAN,

    Plaintiff,

v.                             Civil Action No. 3:17CV266

FRANCES M. FOUNTAIN,

    Defendant.

## MEMORANDUM OPINION

Jerome F. Coleman, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)), aff'd, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d

761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Coleman's Complaint

By Memorandum Order entered on March 12, 2018, the Court advised Coleman that his complaint failed to identify a particular constitutional right that was violated by a non-immune defendant's conduct. (ECF No. 20, at 2.) The Court then directed Coleman to file a particularized complaint. (Id.) Coleman filed his Particularized Complaint. (ECF No. 22.)

In his Particularized Complaint, Coleman has named Frances M. Fountain, Clerk of the General District Court of Sussex, Virginia,[2] and Doris Worley, Deputy Clerk, as Defendants. (See Part. Compl. 6.)[3] Coleman alleges as follows:

---

[2] The Court notes that Coleman did not identify at which district court Defendant Fountain was employed as a clerk in his

4

On November 11, 2014, [Coleman] wrote a letter address[ed] to Mrs. Francis M. Fountain . . . to ask two questions:
> If [the] Court has jurisdiction to hear a warrant in detinue and,
> If bond if required? Also, [Coleman] stated [he had] no job, no money to pay for service of warrant.

On or about December 2014, Mrs. Fountain answered and said, "Can file, no bond necessary in detinue cases. Must file in forma pauperis."

On May 3, 2015, [Coleman] filed a warrant in detinue with 12 months accounting statements as requested by Mrs. Fountain, Clerk of the Court. [Coleman] filed in forma pauperis with statements.

On May 27, 2015, Mrs. Doris Worley, Deputy Clerk, answered [Coleman's] letter and said [Coleman] would have to pay $56.00 for service of warrant, or request an in forma pauperis.

On June 24, 2015, Mrs. Fountain, Clerk, granted [Coleman's] in forma pauperis status per 8.01-691. However, in the same letter, Mrs. Fountain said [Coleman] must pay $5.00 per month to pay for service of warrant.

In or about June 2015, [Coleman] sent a second set of accounting statements, showing [Coleman] is indigent [and] has no money to pay for [the] service of warrant.

On August 2, 2015, [Coleman] wrote to said Court to inquire about [the] status of [his] case.

[There was] no answer from [the] Court.

[Coleman] wrote [a] second letter to inquire about [his] case.

---

Particularized Complaint. (<u>See</u> Part. Compl. 1.) However, because Coleman named Frances M. Fountain, Clerk of the General District Court of Sussex, Virginia, in his original Complaint, the Court assumes that he intends to name the same in his Particularized Complaint as well.

[3] The Court employs the pagination assigned by the CM/ECF docketing system to Coleman's submissions. The Court corrects the spelling, capitalization, and punctuation in the quotations from Coleman's Complaint.

(Part. Compl. 1-2. (paragraph labels omitted) (internal citations omitted).)

From what the Court can discern,[4] Colman's sole claim for relief is:

> Claim One    As clerks of [the] Court, Defendants [Fountain and Worley] knew or should have known, when they granted [Coleman] poor person status, Va. Code. 8.01-691, but in the same letter denied him the right to use that status, [that Coleman] would lose his property," (id. at 4), and that their conduct violated the First[5] and Fourteenth[6] Amendments (id. at 3, 5).

Coleman requests the Court award compensatory damages in an unstated amount, and award punitive damages in the amount of $2,000. (Id. at 7.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Coleman's theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996)

---

[4] Contrary to the Court's March 12, 2018 Memorandum Order directing Coleman to file a particularized complaint, Coleman did not set out in separate paragraphs his claims for relief.

[5] "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

(emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Ultimately, Coleman's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

Judicial immunity applies to quasi-judicial officers acting pursuant to court directives. See Butler v. Johnson, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)). "Quasi-judicial" immunity shields court officers from "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . ." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (citation omitted) (internal quotation marks omitted); see McCray v. Maryland, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks are entitled to quasi-judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." Wymore v. Green, 245 F. App'x 780, 783 (10th

Cir. 2007) (alteration in original) (citation omitted) (internal quotation marks omitted).

In his Particularized Complaint, Coleman faults Frances Fountain, Clerk of the District Court of Sussex, Virginia, and Doris Worley, Deputy Clerk, for granting him in forma pauperis status, but still requiring him to pay $5.00 per month for his detinue case. (See Part. Compl. 1-2.) Coleman further argues that Defendants Fountain and Worley are not immune from his suit because they "impede[d the] filing of [Coleman's] warrant in detinue" (id. at 4), that this was "in direct violation of their statutory duties" (id. at 5), and that their actions violated Coleman's First and Fourteenth Amendment rights. (Id. at 3-5.)

Contrary to Coleman's assertion, Defendants Fountain and Worley's actions of assessing a small filing fee for Coleman despite being granted in forma pauperis status were not contrary to their statutory duties.[7] Virginia's in forma pauperis statute states, "[a]ny prisoner granted leave to proceed in forma pauperis shall nonetheless make payments, in equal installments as the court directs, towards satisfaction of the filing fee and costs." Va. Code Ann. § 8.01-691 (West 2018). Thus, Coleman fails to allege that Defendants Fountain and Worley's actions

---

[7] It appears that had Coleman not been granted in forma pauperis status, he would have been required to pay a $56.00 filing fee for the warrant in detinue.

8

fall outside the scope of their judicially mandated duties and thus they are immune from suit. See, e.g., Wymore, 245 F. App'x at 783 (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); Hutcherson v. Priest, No. 7:10-CV-00060, 2010 WL 723629, at *3 (W.D. Va. Feb. 26, 2010); Butler, 2007 WL 4376135, at *3. Coleman's claims against Defendants Fountain and Worley will be dismissed.

## IV. Conclusion

For the foregoing reasons, Coleman's claims will be dismissed with prejudice for failure to state a claim and as legally frivolous. The action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 8, 2018
Richmond, Virginia